FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

BARBARA GASTON,

              Plaintiff,

vs.

STATE OF ALASKA,

              Defendant.

E-FILED in the TRIAL COURTS
State of Alaska Fourth District

DEC 0 4 2019

Clerk of the Trial Courts

Case No. 4FA-19-02411 Civil

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff for her First Amended Complaint alleges as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff individually, and on behalf of the classes of persons identified herein, brings this action for damages against the State of Alaska for harms and losses resulting from releases of toxic chemicals. This Court has subject jurisdiction over this matter pursuant to AS 22.10.020.

2.    Plaintiff Barbara Gaston, at all times relevant, was and is a resident of the Fourth Judicial District in the State of Alaska and the owner of two adjoining lots described as follows:

> North half of Government Lot Eighteen (18), Section Twenty-three (23), Township One South, Range Two West (T1S, R2W), Fairbanks Meridian, according to the subdivision waiver filed February 16, 1978 as Plat Number 78-18W, Records of the Fairbanks Recording District, Fourth Judicial District, State of Alaska (hereinafter "Parcel 1");

South half of Government Lot Eighteen (18), Section Twenty-three (23) , Township One South, Range Two West (T1S, R2W), Fairbanks Meridian, according to the subdivision waiver filed February 16, 1978 as Plat Number 78-18W, Records of the Fairbanks Recording District, Fourth Judicial District, State of Alaska (hereinafter "Parcel 2").

3.      Defendant State of Alaska is the owner of 237 public use airports and fire training facilities managed by the Alaska Department of Transportation and Public Facilities (DOT) ("Facilities"), including the Fairbanks International Airport (hereinafter FAI and Gustavus Airport (hereinafter GST). The claims asserted herein arise out of the migration of perfluorinated compounds ("PFCs"), including four Per- and Polyfluoroalkyl substances (PFAS), into the surface water, soil, vegetation, groundwater, well water, household water, groundwater wells, household plumbing and real property of residents owning and/or occupying real property supplied by groundwater wells adjacent to the Facilities as a result of the State of Alaska's use of toxic firefighting foam at certain of its Facilities. The state of Alaska is subject to the jurisdiction of this court pursuant to AS 09.50.250(1).

## THE STATE'S RELEASE OF TOXIC PFC COMPOUNDS

4.      The State of Alaska has used for many years at its airports and firefighting training facilities toxic firefighting foam that contains PFCs such as perfluorooctane sulfonate ("PFOS"), and perfluorooctanoic acid ("PFOA") and/or certain other PFCs, including those that can degrade into other PFCs. When consumed, PFCs can cause numerous and serious health impacts.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil          Page **2** of **32**

5.      This Complaint seeks compensation for the harms and losses incurred or which have been or will be incurred by Alaska residents resulting from contamination of soil, groundwater, surface water, vegetation, household piping and fixtures and household water caused by the migration of PFCs, including but not limited to PFAS compounds PFOS, PFOA, PFNA and PFHxS, contained in the toxic firefighting foam purchased and used by the defendant State of Alaska at State owned or operated airport facilities in Alaska.

6.      When used by the State of Alaska at the Facilities, even as intended, including but not limited to firefighting events, training exercises, fire preparations, equipment maintenance and other activities, toxic firefighting foam has contaminated and will continue to contaminate the environment in a variety of ways, including but not limited to, through surface water and groundwater.

7.      PFCs are persistent. Due to the strength of multiple carbon-fluorine bonds, PFCs are chemically biologically stable and resistant to environmental degradation. PFCs can persist in the environment for decades. PFCs are also water soluble, making them mobile in surface water, groundwater and the environment.

8.      Scientific studies show that PFCs are readily absorbed after oral exposure and accumulate in the human body. There are a number of health risks associated with exposure to PFCs. For example, exposure to PFOS and PFOA is associated with increased risk in humans of testicular cancer and kidney cancer, liver function abnormalities, immunotoxicity, endocrine disruption and of disorders such as thyroid

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Exhibit B
Page 3 of 32

disease, high cholesterol, ulcerative colitis and pregnancy-induced hypertension, as well as other conditions.[1] The United States Environmental Protection Agency ("U.S.E.P.A.") has also advised that exposure to PFCs may result in developmental effects to fetuses during pregnancy or to breast-fed infants. *Id.* Thus PFCs are known and proven hazardous substances.

9.    The State of Alaska's use of toxic firefighting foam resulted in the release and migration of PFCs/PFAS, including PFOS, PFOA, PFNA and/or PFHxS, into the surface water, soil, vegetation, groundwater, well water, household water, groundwater wells, household plumbing and real property of Plaintiff and Class members in areas proximate to airports and training facilities owned, managed or operated by the State of Alaska at which toxic firefighting foam was used.

10.   At least as early as March 2001, the State of Alaska knew that the use of toxic firefighting foam releases PFCs including PFOS and PFOA into the surrounding environment. The State further knew by at least March 2001, and likely earlier, that constituents in toxic firefighting foam, including PFOS and PFOA, were toxic, persistent and bioaccumulating. Based on this knowledge, the State of Alaska knew or should have known that its past use and continued use of toxic firefighting foam posed an unreasonable risk to human health and the environment, that any existing releases of toxic firefighting foam required remediation, and that users of toxic firefighting foam impacted

FLANIGAN & BATAILLE
1007 West 3rd Ave, Suite 206
Anchorage, Alaska 99501
Phone 907 279-9999
Fax 907 258-3804

---

[1]  https://www.epa.gov/sites/production/files/2016-05/documents/drinkingwaterhealthadvisories_pfoa_pfos_5_19_16.f inal_.1.pdf

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil                    Page **4** of **32**

water must be warned not to consume the contaminated water supplies and needed alternative uncontaminated water supplies.

11.    The State of Alaska knew at least as early as March 15, 2001, and earlier, that toxic firefighting foam had been and would be used in large quantities in fire training exercises, in fire control, and in emergency situations at FAI, GST and other airports and fire training facilities owned, managed and/or operated by the State of Alaska DOT and would be released to the environment and migrate uncontrolled as a result of that use.

12.    The owners and occupants of residential properties proximate to the Facilities at which toxic firefighting foam was used did not know that PFCs from the toxic firefighting foam had migrated into their wells and drinking water until such contamination was disclosed to them by the State of Alaska.

13.    Pursuant to AS 46.03.050, the State of Alaska, through the ADEC, has discretion to undertake a wide range of actions related to water quality, including to abate and prevent water pollution.

14.    Notwithstanding the State's knowledge of the hazards and risks posed to the health and safety of Alaska citizens potentially exposed to unsafe levels of PFCs from the State's continuing use of toxic firefighting foam, and of the likelihood of exposure to soil, surface water and ground waters and grown produce contaminated with toxic firefighting foam, the State of Alaska continued to use toxic firefighting foam at the Facilities, failed to take appropriate and timely action to determine whether and to what extent PFCs were present in the groundwater near the Facilities using toxic firefighting

foam, failed to determine whether and to what extent PFCs had migrated to surrounding surface and groundwaters, failed to abate or prevent water pollution from the migration of toxic firefighting foam, failed to remediate or mitigate contaminated water supplies, and failed to warn residents potentially exposed to unsafe levels of PFCs of the existence and health risks of such exposure.

## BARBARA GASTON

15.    By correspondence from FAI dated November 9, 2017, Plaintiff and other class members living near FAI were notified that FAI had recently been alerted to the presence of Per- and Polyfluoroalkyl substances (PFAS) in the groundwater at the Aircraft Rescue and Firefighting (ARRF) Training Areas near Fairbanks in concentrations higher than the U.S. Environmental Protection Agency's then existing health advisory levels, and that the State of Alaska, DOT and FAI were working with the Alaska Department of Environmental Conservation (ADEC) and the environmental consulting firm of Shannon & Wilson retained by defendant State of Alaska to identify whether private water wells near the airport contained potentially unsafe levels of PFAS.

16.    Following the limited testing of water in the wells of private residences in areas surrounding FAI by ADEC and Shannon & Wilson, the State found that many private wells were contaminated with PFAS from DOT's use of toxic firefighting foam in the training and emergency-response sites at FAI.

17.    Defendant State of Alaska created and made available to the public a document entitled "Frequently Asked Questions" which stated that "[a]nyone whose well

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil          Page **6** of **32**

tests above the EPA's LHA level of 70 ppt (parts per trillion) will be connected to College (Water) Utilities after filing their claim with Risk Management."

18.     Despite informing residents whose wells tested above the EPA's LHA level of 70 ppt that they would be provided connection to College (Water) Utilities without conditions at the State's sole expense, the State, in fact, refused to provide such connections unless such property owners, including plaintiff Barbara Gaston, executed a Release of All Property Damage Claims purporting to release the State from certain property damage claims resulting from the PFC/PFAS contamination of their surface water, soil, vegetation, groundwater, well water, household water, groundwater well, household plumbing and real property by the State's use of toxic firefighting foam at FAI.

19.     Since approximately March of 2003 Barbara Gaston consumed household water from the well located on Parcel 1 on which she resided until she was told by the State of Alaska that it was unsafe to consume the water from her well.

20.     By correspondence dated March 7, 2019 from Shannon & Wilson, Ms. Gaston was notified that a water sample from her groundwater well detected PFOS, PFOA, and PFHxS and that the detected sum of PFAS compounds was considered to meet or exceed the ADEC action level of 70 ppt. A PFAS Fact Sheet provided with the March 7, 2019 correspondence from Shannon & Wilson advised that Ms. Gaston stop using her well water for drinking or cooking but could use the well water for showering, laundry or cleaning.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil                    Page **7** of **32**

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

21.     Under the duress of needing uncontaminated household water, and given the State of Alaska's refusal to provide a connection to clean water unless she signed the release presented to her by the State of Alaska, Barbara Gaston ultimately signed the State of Alaska's Release of All Property Damage Claims with respect to Parcel 1. Ex. 1. Plaintiff Barbara Gaston is not seeking in this action compensatory damages from the State of Alaska for the cost to provide her with a connection to College Utilities' waterline with respect to Parcel 1.

22.     Barbara Gaston did not sign a release purporting to release any other claims she may have against the State of Alaska, including any other property or other damage claims.

## DAMAGES TO PLAINTIFF AND OTHER CLASS MEMBERS

23.     Properties owned and/or occupied by the Plaintiffs and the Plaintiff class have been and are being invaded by the release of toxic PFC/PFAS from Facilities owned, operated and/or managed by the State of Alaska. As a result of the releases, Plaintiffs and Class Members seek damages and equitable relief from the State of Alaska for the harms and losses they have suffered including, but not limited to, those identified below.

24.     As a result of Defendant's conduct and the resulting toxic contamination, the value and marketability of the property and property rights of Plaintiff and the Class Member owners of residential property has been and will continue to be diminished. Plaintiff and the Class Member owners of residential property have suffered the need for and the cost of remediation of their properties. Plaintiff and the Class Member owners of

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil                    Page **8** of 32

residential property have also suffered the need for and cost of mitigating the contamination, including the cost of filters and/or the costs of alternative water supplies and the cost of restoring, using and maintaining uncontaminated water supplies and/or the cost of water supplied by a water utility company and associated costs. As a result of the contamination, Plaintiff and the Plaintiff class who own residential property have suffered loss of use and enjoyment of their properties and have also suffered annoyance, discomfort and inconvenience as a consequence of the contamination of their properties and water supplies by Defendant.

25.     As a result of Defendant's release of toxic firefighting foam at Facilities owned, operated and managed by the State of Alaska, Plaintiff and the Plaintiff Class who have occupied residential properties with private wells contaminated by the State's release of toxic firefighting foam have been and are being significantly exposed to PFC/PFAS which are known toxic substances. As a result of that exposure, Plaintiff and Class members have suffered an increased risk of illness, disease or disease process, making it reasonably necessary to undergo and incur the cost of diagnostic testing for the early detection of PFC/PFAS-related illness, disease process or disease. Diagnostic testing exists that makes the early detection of PFC/PFAS-related illness, disease process or disease possible and such testing will benefit Plaintiff and the Plaintiff class. As a result of Defendant's release of toxic firefighting foam at Facilities owned, operated and managed by the State of Alaska, Defendant owes Plaintiff and the Plaintiff Class an award

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil

Page **9** of **32**

Exhibit B
Page 9 of 32

of the cost of such testing, or in the alternative the establishment of a court supervised program though injunctive relief.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff re-alleges paragraphs 1 through 28 as if fully set forth herein and further alleges as follows:

27.     Plaintiff brings this action as a Class Action pursuant to Alaska Rule of Civil Procedure 23 on behalf of the following Classes:

a.     All owners of residential property with private groundwater wells whose groundwater and/or well water was contaminated by PFC/PFAS compounds as a result of the migration of PFC/PFAS compounds from the use of toxic firefighting foam at Facilities owned by the State of Alaska.

b.     All State of Alaska citizens who occupied residential property with private groundwater wells whose groundwater and/or well water was contaminated by PFC/PFAS compounds as a result of the migration of PFC/PFAS compounds from the use of toxic firefighting foam at Facilities owned, operated and or managed by the State of Alaska and who:

    i.   were born to mothers who consumed household water containing 20 parts per trillion ("ppt") or higher of the sum of PFAS for a cumulative time period of one year or more before that child's birth, or

    ii.  during the period from birth up to their 20th birthday for a cumulative time period of one year or more, consumed household water containing 20 ppt or higher of the sum of PFAS and/or were breast fed by mothers who consumed

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil                    Page **10** of **32**

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Exhibit B
Page 10 of 32

Case 4:21-cv-00019-SLG   Document 1-2   Filed 08/16/21   Page 10 of 32

household water containing 20 ppt or higher of the sum of PFAS for a cumulative time period of one year or more before that person's birth, or

iii. consumed household water containing 70 ppt or higher of the sum of PFAS during the period from their 20th birthday and after for a cumulative time period of one year or more.

28. Excluded from the Classes are any officers, directors, agents, current employees, or representatives of Defendant.

29. The Class Period runs beginning 6 years prior to the filing of the action (AS 09.10.050).

30. The members of the Classes are so numerous that joinder of all members is impracticable. Details of the exact number of and identities of affected property owners and occupants whose groundwater, well water and household water was contaminated by PFCs and PFAS compounds will be available through State of Alaska's records, computer files, water sampling results obtained from the wells of affected property owners and through future discovery. On information and belief, there are well over one hundred class members.

31. The representative plaintiff's claims are typical of the claims of the Classes Plaintiff seeks to represent because Plaintiff and all members of the putative Classes at issue sustained damages arising out of the State of Alaska's use and release of PFC/PFAS.

32. Plaintiff will fully and adequately protect the interests of the absent class members. Plaintiff has retained counsel experienced in class action litigation and who

FLANIGAN & BATAILLE
1007 West 3rd Ave, Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil                    Page **11** of **32**

are competent to successfully prosecute the actions asserted herein. Plaintiff has no interests that are contrary to or in conflict with the class members she seeks to represent.

33.     Questions of law and fact common to class members predominate over any questions affecting only individual members, and Defendants have acted on grounds generally applicable to all class members. One predominating common question in this case is whether the State of Alaska's use of toxic firefighting foam has resulted in the migration of PFC/PFAS compounds that have contaminated water consumed by occupants of the contaminated property. This common issue arises from the duties and obligations of the State of Alaska under the law as alleged herein.

34.     Another significant common question is the responsibility of the State of Alaska to remediate the affected properties or, if that is not possible, to mitigate the harm by providing safe and uncontaminated water to the property owners onto whose property and groundwater the PFAS compounds migrated.

35.     Another significant common question is the responsibility of the State of Alaska to provide diagnostic testing for the early detection of illness, disease process or disease in persons who reside or resided on property whose household water was contaminated with PFCs/PFAS resulting from the State of Alaska's use of toxic firefighting foam.

36.     Other common questions include:

    a. the type or kinds of chemicals that have been and are being released from the Facilities;

**Exhibit B**
**Page 12 of 32**

FLANIGAN & BATAILLE
1007 West 3rd Ave, Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

b. the activities of Defendant State of Alaska that have resulted in the contamination of the surface water, soil, groundwater, household water supplies and properties of the Plaintiffs and the Class Members;

c. the nature and toxicity of the chemicals released from the Facilities;

d. whether the value and marketability of the property and property rights of Plaintiffs and the Class Member property owners have been and will continue to be diminished by the interference with property rights caused by the contamination as a result of Defendant's release of toxic chemicals;

e. whether Plaintiffs and the Class Member property owners have suffered the need for and the cost of mitigation at and remediation of their properties;

f. whether Plaintiffs and the Class Member property owners have lost use and enjoyment of their properties;

g. whether Plaintiffs and the Class Members have suffered discomfort, inconvenience and annoyance as a consequence of the contamination of their properties by Defendant;

h. whether Defendant owed a duty to Plaintiffs and Class Members;

i. whether Defendant breached a duty owed to Plaintiffs and Class Members;

j. whether the contamination of Plaintiffs' properties by Defendant's actions and their resulting exposure to toxic PFAS was reasonably foreseeable;

k. whether Defendant knew or should have known that releases from the Facilities would be transported to and contaminate the properties of Plaintiffs and Class Members;

l. whether Defendant's actions constitute a trespass;

m. whether Defendant's actions constitute a nuisance.

37.     In view of the similarities in the legal, factual and damages issues facing class members, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. There are no difficulties involved in this action that would cause the intractable management issues that would preclude this action from

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil              Page **13** of **32**

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

proceeding to trial as a class action. It is highly unlikely that many members of the Class will have a reasonable opportunity to recover any damages absent a class action proceeding.

## COUNT I
## TRESPASS

38.     Plaintiff repeats and restates the allegations set forth in all the previous paragraphs.

39.     The PFC/PFAS released by the State of Alaska at the Facilities contaminated the surface water, soil, vegetation, groundwater, well water, household water, groundwater wells, household plumbing and real property of the Plaintiff and the Plaintiff classes, which contamination constitutes a physical invasion of property without permission or license.

40.     The presence and migration of PFC/PFAS compounds including PFOS, PFOA, PFNA and/or PFHxS originating from the use of toxic firefighting foam at State of Alaska Facilities on Plaintiff's and Class Members' properties continues.

41.     PFOS, PFOA, PFNA and/or PFHxS and other PFC/PFAS in the toxic firefighting foam originating from the use by defendant State of Alaska at the FAI and other Airports continues to be located on and in the property and groundwater of the properties of Plaintiff and the Plaintiff classes.

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil

Page **14** of **32**

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Exhibit B
Page 14 of 32

Case 4:21-cv-00019-SLG   Document 1-2   Filed 08/16/21   Page 14 of 32

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

42. The State of Alaska knew or should have reasonably foreseen that the invasion of the property interests of Plaintiff and the Plaintiff Class, and the trespass created thereby, was substantially certain to result from the use of the toxic firefighting foam as the State intended, including at FAI other Facilities at which the State of Alaska used toxic firefighting foam, among other reasons given the chemical properties of the components of the toxic firefighting foam of which the State of Alaska was aware at least as early as March 15, 2001, and likely earlier.

43. Plaintiff and the Plaintiff Class have not consented to the trespass alleged herein.

44. Defendant State of Alaska is therefore liable for causing a past and continuing trespass on the property of Plaintiff and the Plaintiff Class.

45. As long as the surface water, soil, vegetation, groundwater, well water, household water, groundwater wells, household plumbing and real property of the Plaintiff and the Plaintiff classes remains contaminated due to the migration of PFCs/PFAS originating from the State of Alaska's use of toxic firefighting foam, and additional migration onto such properties occurs, the trespass continues.

46. As a direct and proximate result of defendant State of Alaska's acts and omissions as alleged herein, Plaintiff and the Plaintiff Class have suffered and will continue to suffer monetary losses and damages in amounts to be proven at trial.

47. As a direct and proximate result of the State of Alaska's acts and omissions as alleged herein, Plaintiff and the Plaintiff Class are entitled to an order

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil          Page **15** of **32**

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

requiring the State of Alaska to abate their ongoing trespass and a further order requiring the State to conduct such investigation, remediation, cleanup, restoration, removal, treatment and monitoring actions as are necessary to prevent further trespasses and damages to the surface water, soil, vegetation, groundwater, well water, household water, groundwater wells, household plumbing and real property of Plaintiff and the Plaintiff Class.

48. As a result of Defendant's conduct and the resulting toxic contamination, the value and marketability of the property and property rights of Plaintiff and the class member owners of residential property has been and will continue to be diminished. Plaintiff and the Plaintiff class who own residential property have suffered the need for and the cost of remediation of their properties. Plaintiff and the Plaintiff class who own residential property have also suffered the need for and cost of mitigating the contamination, including the cost of filters and/or the costs of alternative water supplies and the cost of restoring, using and maintaining uncontaminated water supplies and/or the cost of water supplied by a water utility company and associated costs. As a result of the contamination, Plaintiff and the Plaintiff class who own residential property have suffered loss of use and loss of use and enjoyment of their properties and have also suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties and water supplies by Defendant.

49. As a result of Defendant's release of toxic firefighting foam at Facilities owned, operated and managed by the State of Alaska, Plaintiff and the Plaintiff Class who

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil                Page **16** of **32**

have occupied residential properties with private wells contaminated by the State's release of toxic PFC/PFAS have been and are being significantly exposed to PFC/PFAS which are known toxic substances. As a result of that exposure, Plaintiff and Class members have suffered an increased risk of illness, disease or disease process, making it reasonably necessary to undergo and incur the cost of diagnostic testing for the early detection of PFC/PFAS-related illness, disease process or disease.

50. As a direct and proximate result of the State of Alaska's acts and omissions as alleged herein, Plaintiff and the Plaintiff Class are entitled to an order requiring the State of Alaska to provide, at its expense and without preconditions, uncontaminated drinking water.

51. As a direct and proximate result of the State of Alaska's actions and omissions creating a trespass, the State of Alaska is responsible to Plaintiff and the Plaintiff class for compensation for the harms and losses resulting from the contamination caused by the State's release of toxic PFC/PFAS.

**COUNT II**
**NUISANCE**

52. Plaintiff repeats and restates the allegations set forth in all the previous paragraphs.

53. The toxic PFC/PFAS released by the State of Alaska at the Facilities contaminated the groundwater of the Plaintiff and the Plaintiff classes, which

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil          Page **17** of **32**

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

contamination constitutes an unreasonable interference with the use and enjoyment of the property of Plaintiff and the Plaintiff Class.

54. The State of Alaska's use and release of toxic firefighting foam as described herein was intentional and/or negligent and/or reckless and/or abnormally dangerous and was a substantial factor in causing an unreasonable interference with the use and enjoyment of the property of Plaintiff and the Plaintiff Class including but not limited to the disruption of their household water supplies, the impact on the safety of their household water, the need to obtain alternative sources of water and expense thereof, diminution in property values, marketability of their real property, and the exposure to known toxic chemicals disseminated by the State of Alaska's use of toxic firefighting foam.

55. As a result of Defendant's conduct and the resulting toxic contamination, the value and marketability of the property and property rights of Plaintiff and the class member owners of residential property has been and will continue to be diminished. Plaintiff and the Plaintiff class who own residential property have suffered the need for and the cost of remediation of their properties. Plaintiff and the Plaintiff class who own residential property have also suffered the need for and cost of mitigating the contamination, including the cost of filters and/or the costs of alternative water supplies and the cost of restoring, using and maintaining uncontaminated water supplies and/or the cost of water supplied by a water utility company and associated costs. As a result of the contamination, Plaintiff and the Plaintiff class who own residential property have suffered

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil          Page **18** of **32**

loss of use and loss of use and enjoyment of their properties and have also suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties and water supplies by Defendant.

56.    As a result of Defendant's release of toxic firefighting foam at Facilities owned, operated and managed by the State of Alaska, Plaintiff and the Plaintiff Class who have occupied residential properties with private wells contaminated by the State's release of toxic PFC/PFAS have been and are being significantly exposed to PFC/PFAS which are known toxic substances.    As a result of that exposure, Plaintiff and Class members have suffered an increased risk of illness, disease or disease process, making it reasonably necessary to undergo and incur the cost of diagnostic testing for the early detection of PFC/PFAS-related illness, disease process or disease.

57.    As a direct and proximate result of the State of Alaska's actions and omissions creating a nuisance as described herein, the State of Alaska is responsible to Plaintiff and the Plaintiff class for compensation for the harms and losses resulting from the contamination caused by the State's release of toxic PFC/PFAS.

## COUNT III
## FAILURE TO WARN

58.    Plaintiff repeats and restates the allegations set forth in all the previous paragraphs.

59.    In light of the State of Alaska's knowledge of the health, safety and other known or suspected risks and harms of PFC/PFAS, the State of Alaska owed a duty to

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil                    Page **19** of **32**

warn owners and occupiers of residential real property living in the vicinity of Facilities where the State of Alaska used and discharged toxic firefighting foam about the potential health, safety and other known or suspected harms of PFC/PFAS so that such owners and occupiers could take appropriate and timely precautions to protect against exposure to and consumption of the PFC/PFAS chemicals released as a result of the State of Alaska's use and discharge of toxic firefighting foam.

60.     The existence and nature of the harms and risks posed by the State of Alaska's use of toxic firefighting foam at the Facilities was not reasonably apparent or reasonably susceptible to discovery by owners and occupiers of residential real property living in the vicinity of the Facilities where the State of Alaska used and discharged toxic firefighting foam until the State of Alaska disclosed some of the known or suspected harms and risks posed by the migration of PFCs and PFAS into the well water of residential properties.

61.     Notwithstanding its duty to disclose and warn owners and occupiers of residential real property living in the vicinity of Facilities where the State of Alaska used and discharged toxic firefighting foam about the potential health, safety and other known or suspected harms from PFC/PFAS, the State of Alaska intentionally and/or negligently and/or recklessly failed to disclose to and warn Plaintiffs and Class Members of the risks and harms posed by its use of toxic firefighting foam. Defendants' tortious failure to disclose resulted in additional damage to the Plaintiffs' property and additional exposure

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil                     Page **20** of **32**

to PFAS contaminated water that would not have occurred but for Defendant's failure to warn.

62.    As a result of Defendant's conduct as alleged herein and the resulting toxic contamination, the value and marketability of the property and property rights of Plaintiff and the Plaintiff Class member owners of residential property has been and will continue to be diminished.  Plaintiff and the Plaintiff class who own residential property have suffered the need for and the cost of remediation of their properties.  Plaintiff and the Plaintiff class who own residential property have also suffered the need for and cost of mitigating the contamination, including the cost of filters and/or the costs of alternative water supplies and the cost of restoring, using and maintaining uncontaminated water supplies and/or the cost of water supplied by a water utility company and associated costs. As a result of the contamination, Plaintiff and the Plaintiff class who own residential property have suffered loss of use and loss of use and enjoyment of their properties and have also suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties and water supplies by Defendant.

63.    As a result of Defendant's release of toxic PFC/PFAS at Facilities owned, operated and managed by the State of Alaska, Plaintiff and the Plaintiff Class who have occupied residential properties with private wells contaminated by the State's release of toxic PFC/PFAS have been and are being significantly exposed to PFC/PFAS which are known toxic substances. As a result of that exposure, Plaintiff and Class members have suffered an increased risk of illness, disease or disease process, making it reasonably

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil                    Page **21** of **32**

necessary to undergo and incur the cost of diagnostic testing for the early detection of PFC/PFAS-related illness, disease process or disease.

64.     As a direct and proximate result of the State of Alaska's actions and omissions creating a nuisance as described herein, the State of Alaska is responsible to Plaintiff and the Plaintiff class for compensation for the harms and losses resulting from the contamination caused by the State's release of toxic PFC/PFAS.

## COUNT IV
## NEGLIGENCE

65.     Plaintiff repeats and restates the allegations set forth in all the previous paragraphs.

66.     As set forth herein, the State of Alaska's knew or should have known of the health, safety and other known or suspected harms posed by toxic firefighting foam since at least March 2001.

67.     In light of the State of Alaska's knowledge of the health, safety and other known or suspected harms posed by its use of toxic firefighting foam, the State of Alaska owed a duty to Plaintiff and the Plaintiff Class to stop using and discharging toxic firefighting foam or to take appropriate action to assure that its use and discharge of toxic firefighting foam would not result in the migration of PFC/PFAS into groundwater. The State of Alaska further had the duty to remediate the sources of contamination it had

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil          Page **22** of **32**

created and to remediate the contaminated properties and household water supplies of Plaintiff and the Plaintiff Class and mitigate their household water supplies.

68.  Despite owing a duty to Plaintiff and the Plaintiff Class to stop using and discharging toxic firefighting foam and to take appropriate action to assure that its use and discharge of toxic firefighting foam would not result in the migration of PFCs into groundwater, the State of Alaska continued to use and discharge toxic firefighting foam and failed to take appropriate action to assure that its use and discharge of toxic firefighting foam would not result in the migration of PFCs and PFAS into the groundwater. Despite owing a duty to Plaintiff and the Plaintiff Class to remediate the sources of contamination it had created and to remediate the contaminated properties and household water supplies of Plaintiff and the Plaintiff class, and mitigate their household water supplies, the State of Alaska failed to take appropriate action to remediate and to timely mitigate the household water supplies of Plaintiff and the Plaintiff class.

69.  The State of Alaska's breach of its duty to stop using and discharging toxic firefighting foam or to take appropriate action to assure that its use and discharge of toxic firefighting foam would not result in the migration of PFCs and PFAS into groundwater and to remediate the sources of contamination it had created, and to remediate the contaminated properties and household water supplies of Plaintiff and the Plaintiff class and mitigate or replace such water supplies as alleged herein, was negligent.

70.  As a result of Defendant's conduct and the resulting toxic contamination, the value and marketability of the property and property rights of Plaintiff and the class

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil

member owners of residential property has been and will continue to be diminished. Plaintiff and the Plaintiff class who own residential property have suffered the need for and the cost of remediation of their properties. Plaintiff and the Plaintiff class who own residential property have also suffered the need for and cost of mitigating the contamination, including the cost of filters and/or the costs of alternative water supplies and the cost of restoring, using and maintaining uncontaminated water supplies and/or the cost of water supplied by a water utility company and associated costs. As a result of the contamination, Plaintiff and the Plaintiff class who own residential property have suffered loss of use and loss of use and enjoyment of their properties and have also suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties and water supplies by Defendant.

71. As a result of Defendant's release of toxic PFC/PFAS at Facilities owned, operated and managed by the State of Alaska, Plaintiff and the Plaintiff Class who have occupied residential properties with private wells contaminated by the State's release of toxic PFC/PFAS have been and are being significantly exposed to PFC/PFAS which are known toxic substances. As a result of that exposure, Plaintiff and Class members have suffered an increased risk of illness, disease or disease process, making it reasonably necessary to undergo and incur the cost of diagnostic testing for the early detection of PFC/PFAS-related illness, disease process or disease.

72. As a direct and proximate result of the State of Alaska's negligent actions and omissions as described herein, the State of Alaska is responsible to Plaintiff and the

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil          Page **24** of **32**

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Plaintiff class for compensation for the harms and losses resulting from the contamination caused by the State's release of toxic PFC/PFAS.

## COUNT V
## MISREPRESENTATION

73. Plaintiff repeats and restates the allegations set forth in all the previous paragraphs.

74. The State of Alaska, through its officials, have advised Plaintiff and others similarly situated that their well water should not be considered contaminated if 2 of the 5 chemicals described as utilized to manufacture toxic firefighting foam are below 70 ppt. Based on that statement, the State of Alaska is attempting to limit the number of persons whose well water was contaminated by PFC/PFAS. The State of Alaska's representation constitutes a misrepresentation of the health and safety risks involved in exposure to water contaminated with PFCs and PFAS based on available scientific information of which the State of Alaska has or should have knowledge.

75. Plaintiff and the Plaintiff Class are entitled to an order requiring the State of Alaska to provide uncontaminated drinking water to all persons exposed to PFCs and PFAS in their well water.

## COUNT VI
## STRICT LIABILITY

76. Plaintiff repeats and restates the allegations set forth in all the previous paragraphs.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

77. Pursuant to AS 46.03.822, the State of Alaska is strictly liable for the release/discharge of hazardous substances which have contaminated the surface water, soil, vegetation, groundwater, well water, household water, groundwater wells, household plumbing and real property of the Plaintiff and the Plaintiff class.

78. As a direct and proximate result of State of Alaska acts and omissions as alleged herein, Plaintiff and the Plaintiff Classes have suffered and will continue to suffer economic and non-economic harms and losses in amounts to be proven at trial.

79. As a direct and proximate result of State of Alaska's acts and omissions as alleged herein, Plaintiff and the Plaintiff Classes are entitled to an order requiring the State of Alaska to abate their ongoing trespass and a further order requiring it to conduct such investigation, remediation, cleanup, restoration, removal, treatment and monitoring actions as are necessary to prevent further trespasses and damages to Plaintiff and the Plaintiff classes as a result of the migration of PFC/PFAS from the State of Alaska's use of toxic firefighting foam.

80. As a result of Defendant's conduct and the resulting toxic contamination, the value and marketability of the property and property rights of Plaintiff and the class member owners of residential property has been and will continue to be diminished. Plaintiff and the Plaintiff class who own residential property have suffered the need for and the cost of remediation of their properties. Plaintiff and the Plaintiff class who own residential property have also suffered the need for and cost of mitigating the contamination, including the cost of filters and/or the costs of alternative water supplies

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil          Page **26** of 32

and the cost of restoring, using and maintaining uncontaminated water supplies and/or the cost of water supplied by a water utility company and associated costs. As a result of the contamination, Plaintiff and the Plaintiff class who own residential property have suffered loss of use and loss of use and enjoyment of their properties and have also suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties and water supplies by Defendant.

81. As a result of Defendant's release of toxic PFC/PFAS at Facilities owned, operated and managed by the State of Alaska, Plaintiff and the Plaintiff Class who have occupied residential properties with private wells contaminated by the State's release of toxic PFC/PFAS have been and are being significantly exposed to PFC/PFAS which are known toxic substances. As a result of that exposure, Plaintiff and Class members have suffered an increased risk of illness, disease or disease process, making it reasonably necessary to undergo and incur the cost of diagnostic testing for the early detection of PFC/PFAS-related illness, disease process or disease.

82. As a direct and proximate result of the State of Alaska's actions and omissions creating a nuisance as described herein, the State of Alaska is responsible to Plaintiff and the Plaintiff class for compensation for the harms and losses resulting from the contamination caused by the State's release of toxic PFC/PFAS.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

## COUNT VII
## DURESS

83.     Plaintiff repeats and restates the allegations set forth in all the previous paragraphs.

84.     The State of Alaska has a legal obligation to remediate properties that were polluted by PFC/PFAS due to the actions of State of Alaska.

85.     The State of Alaska has required persons whose domestic water has been contaminated with PFAS at the advisory level identified by the EPA (70 ppt) to execute property releases in favor of the State of Alaska as a condition for the provision of an alternative, safer domestic water source such as a connection to a public utility water line at the State of Alaska's expense. In electing to condition the provision of a safer source of household water to property owners and residents of property contaminated as a result of the State of Alaska's use of toxic firefighting foam, the State of Alaska knew that affected property owners and/or residents had no reasonable or viable alternative other than to execute the release required by the State of Alaska in order to obtain a safer/less contaminated source of household water.

86.     The State of Alaska's actions in conditioning Plaintiff and the Plaintiff classes' right to viably obtain an alternative source of safer/less contaminated household water on executing the State of Alaska's unilateral Release of All Property Damage Claims constitutes duress.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil

87. As a direct and proximate consequence of the State of Alaska's conduct as described herein to obtain liability releases from property owners whose groundwater, well water, and household water was contaminated as a result of the State of Alaska's use of toxic firefighting foam, Plaintiff and the Plaintiff Class are entitled to an Order voiding such releases and requiring the State of Alaska to pay for the connection of contaminated properties to College Utilities' water system without conditioning its payment of such connections on the execution of a release of liability against the State of Alaska, and other damages alleged herein.

## COUNT VIII
## INVERSE CONDEMNATION

88. Plaintiff repeats and restates the allegations set forth in all the previous paragraphs.

89. The use of toxic firefighting foam by the State of Alaska was an exercise of its power used in the public interest without formal condemnation proceedings.

90. As a direct and proximate result of the State's decision to use toxic firefighting foam with knowledge of the toxicity of the PFCs/PFAS chemicals in toxic firefighting foam and the resulting foreseeable migration PFCs/PFAS as set forth in the preceding paragraphs, the State of Alaska has taken the property of the Plaintiff and the residential property owners of the Plaintiff class sustained damage to their private property.

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil          Page **29** of **32**

91.     As a direct and proximate result of the State's conduct as alleged herein, Plaintiff and the class members are entitled to just compensation.

92.     The State of Alaska has failed and/or refused to offer or tender such just compensation to plaintiff and the class members.

93.     The actions of the State of Alaska as alleged herein constitutes inverse condemnation of the properties of Plaintiff and the Plaintiff Classes.

WHEREFORE, Plaintiff prays for the following relief:

A)     A finding that the prerequisites for class certification pursuant to Alaska Rule of Civil Procedure 23(a), numerosity, commonality, typicality, and adequacy, have been established;

B)     A finding that the Rule 23(b)(2) requirements have been established for Counts I, V, VI, and VII, and the alternative relief of diagnostic testing requested herein;

C)     A finding that the Rule 23(b)(3) requirements have been established for Counts I-VII herein;

D)     Certifying the Classes as defined herein;

E)     A finding designating Plaintiff as an adequate Class Representative and appointing her to represent the Classes;

F)     A finding that Plaintiff's Counsel are adequate and appointing them to act as Class Counsel on behalf of the certified Class;

G)     Equitable Relief from the State of Alaska, including an injunction precluding the use of toxic firefighting foam containing PFAS chemicals, to fully

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil                    Page **30** of **32**

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

remediate Plaintiff's and Class Members' properties so that Plaintiff and Class Members' properties are free from the presence of PFC/PFAS, to provide Plaintiff and Class Members with alternative source of uncontaminated household water and/or alternative housing during the remediation period and rendering void the Release of All Property Damage Claims obtained by the State of Alaska from property owners whose property was contaminated by PFAS;

H)     Monetary Damages from the State of Alaska to Plaintiff individually, and to the members of the Classes pursuant to Counts I-VIII, including damages for contamination remediation, water monitoring, well decommissioning; diminution in property value, and the costs of obtaining uncontaminated water for all uses;

I)     A monetary award from the State of Alaska to Plaintiff individually, and to the members of the applicable Plaintiff Class pursuant to Counts I-VIII, of the cost of a program for diagnostic testing for the early detection of illnesses, disease processes or disease that can result from exposure to PFCs and PFAS, or in the alternative the establishment of such program at the cost of the Defendant under the supervision of the Court.

J)     An award of a reasonable Class Representative Incentive Award to any named Representative Plaintiff;

K)     Recovery of all reasonable attorney's fees and costs;

L)     Interest as permitted by law;

M)     Such other and further equitable relief as the Court deems just and proper.

FIRST AMENDED CLASS ACTION COMPLAINT
*Gaston v. State of Alaska*; Case No. 4FA-19-02411 Civil                    Page **31** of **32**

Dated this 4th day of December, 2019

FLANIGAN & BATAILLE
ATTORNEYS FOR PLAINTIFF

By: _Christian Bataille, ABA # 8406011_

FLANIGAN & BATAILLE
ATTORNEYS FOR PLAINTIFF

By: _Michael Flanigan, ABA # 0710114_

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804