# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BARBARA GASTON,<br><br>      Plaintiff,<br><br>  v.<br><br>STATE OF ALASKA,<br><br>      Defendant. | Case No. 4:21-cv-00019-SLG |
| STATE OF ALASKA,<br><br>      Third-Party Plaintiff,<br><br>  v.<br><br>3M COMPANY, *et al.*,<br><br>      Third-Party Defendants. | |

## ORDER RE MOTION TO STAY

Before the Court at Docket 14 is Third-Party Defendants Tyco Fire Products, LP and Chemguard, Inc.'s (collectively, "Tyco") *Motion to Stay This Action Pending Final Transfer Decision by the Judicial Panel on Multidistrict Litigation*. Plaintiff Barbara Gaston responded in opposition at Docket 24, to which Tyco replied at Docket 26.

## DISCUSSION

Plaintiff commenced this action in state court against the State of Alaska in 2019.[1] Plaintiff alleges that the State negligently used aqueous film-forming foams ("AFFF") firefighting agent, which contains toxic chemicals, at an airport near Plaintiff's property, which contaminated Plaintiff's groundwater.[2] In April 2021, the State filed a third-party complaint against numerous AFFF manufacturers as third-party defendants, including Tyco and Chemguard.[3] In August 2021, Tyco removed the entire action to this Court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[4] Tyco then sought to transfer this action to the multidistrict litigation ("MDL") proceeding, *In re Aqueous Film-Forming Foams (AFFF) Products Liability Litigation*, MDL No. 2873, currently pending in the District of South Carolina. The Judicial Panel on Multidistrict Litigation ("JPML") issued a conditional transfer order ("CTO") to the MDL court.[5] Plaintiff has filed a motion to vacate the CTO with the

---

[1] Plaintiff's original complaint had originally named AFFF manufacturers as defendants, but these entities but were not included as named defendants in Plaintiff's First Amended Complaint.

[2] *See* Docket 1-2.

[3] *See* Docket 1-1. These parties had originally been named as defendants by Plaintiff, but were not included in Plaintiff's first amended complaint.

[4] *See* Docket 1.

[5] Conditional Transfer Order, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. Aug. 20, 2021), Docket 1077.

Case No. 4:21-cv-00019-SLG, *Gaston v. State of Alaska, State of Alaska v. 3M Company et al.*
Order re Motion to Stay
Page 2 of 5

JPML,[6] which the panel has stated it will consider at its December 2, 2021 hearing session.[7]

Tyco now moves to stay this action pending the JPML's decision on the motion to vacate the CTO.[8] Plaintiff opposes the motion to stay and moves separately to remand this action back to Alaska state court.[9] Plaintiff contends that the federal contractor defense does not apply to confer federal jurisdiction and that there is no other basis for federal jurisdiction. Accordingly, Plaintiff ask this Court to deny the motion to stay and instead grant Plaintiff's motion to remand.[10]

For the reasons discussed below, the Court finds that granting the stay would advance judicial economy, promote consistency, and present minimal hardship to Plaintiff.[11]

Plaintiff's motion to vacate the CTO contains many of the same jurisdictional arguments presented in her opposition to the stay and in her motion to remand

---

[6] Docket 1134, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873 (Sept. 27, 2021).

[7] Hearing Order, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. Oct. 18, 2021), Docket 1143.

[8] *See* Docket 14.

[9] *See* Docket 15.

[10] *See* Docket 24.

[11] *See Bowie v. Medtronic, Inc.*, Case No. No. 3:08-CV-00090 TMB, 2008 WL 11336904, at *1 (D. Alaska Aug. 13, 2008) (addressing judicial economy, consistency, and hardship to Plaintiff in considering whether to stay the proceeding); *see also Lyon v. DePuy Orthopaedics, Inc.*, Case No. 19-CV-05270-PJH, 2019 WL 4933586, at *2 (N.D. Cal. Oct. 7, 2019) ("Courts generally grant a stay pending resolution of consolidated proceedings when a stay would avoid the needless duplication of work and the possibility of inconsistent rulings." (quoting *Freitas v. McKesson Corp.*, Case No. C 11-05967 JW, 2012 WL 161211, at *2 (N.D. Cal. Jan. 10, 2012))).

Case No. 4:21-cv-00019-SLG, *Gaston v. State of Alaska, State of Alaska v. 3M Company et al.*
Order re Motion to Stay
Page 3 of 5
Case 4:21-cv-00019-SLG   Document 31   Filed 11/29/21   Page 3 of 5

filed in this Court. By granting the stay, the Court avoids the risk of duplicative work and potentially inconsistent rulings with respect to these jurisdictional arguments. Moreover, it is within the Court's discretion to issue a stay pending the JPML's decision on transfer even when there is a pending challenge to the federal district court's jurisdiction.[12] The Court also finds there will be minimal hardship to Plaintiff in granting the stay. The JPML likely will decide Plaintiff's motion to vacate within a matter of weeks, presenting only minimal delay to an action for damages filed in 2019. Should the JPML deny transfer, Plaintiff's motion to remand is already ripe for consideration by this Court; and, in the event the case is transferred to the MDL, Plaintiff may present the same jurisdictional arguments to the MDL court, which can rule on the motion to remand. Either way, a brief stay of this matter while the JPML considers the motion to vacate is likely to preserve judicial resources, avoid duplicative litigation in multiple fora, and ensure consistent outcomes on common questions.

Accordingly, the Court will stay the litigation in this forum until the JPML determines Plaintiff's motion to vacate the CTO.

---

[12] *See, e.g.*, *Bowie v. Medtronic, Inc.*, Case No. 3:08-CV-00090 TMB, 2008 WL 11336904, at *1 (D. Alaska Aug. 13, 2008).

Case No. 4:21-cv-00019-SLG, *Gaston v. State of Alaska, State of Alaska v. 3M Company et al.*
Order re Motion to Stay
Page 4 of 5
Case 4:21-cv-00019-SLG   Document 31   Filed 11/29/21   Page 4 of 5

## CONCLUSION

In light of the foregoing, Tyco's motion to stay at Docket 14 is GRANTED. The Court hereby stays all proceedings in this matter until the JPML rules on Plaintiff's motion to vacate and renders a final transfer decision.

DATED this 24th day of November, 2021, at Anchorage, Alaska.

>  */s/ Sharon L. Gleason*
> UNITED STATES DISTRICT JUDGE

Case No. 4:21-cv-00019-SLG, *Gaston v. State of Alaska, State of Alaska v. 3M Company et al.*
Order re Motion to Stay
Page 5 of 5
Case 4:21-cv-00019-SLG   Document 31   Filed 11/29/21   Page 5 of 5